UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BARBARA BUTTERFIELD,

                Plaintiff,

    -against-                              1:10-CV-00379 (LEK/RFT)

WADE TOURS, INC.,
                Defendant.
_____

WADE TOURS, INC.,

                Third-Party Plaintiff,

    -against-

MOTOR COACH INDUSTRIES, INC.;
RICON CORPORATION; and
PETER PAN BUS LINES, INC.,

                Third-Party Defendants.
_____

**MEMORANDUM-DECISION and ORDER**

**I.    INTRODUCTION**

Plaintiff Barbara Butterfield ("Plaintiff") filed a Complaint on March 31, 2010, alleging that Defendant Wade Bus Tours Inc. ("Defendant" or "Wade") violated her rights pursuant to the Americans With Disabilities Act ("ADA"). Dkt. No. 1 ("Complaint"). The Complaint also alleges state law claims of negligence, and violations of Section 296 of the the New York State Human Rights Law and Section 349 of the New York State General Business Law. Id. In her Complaint, Plaintiff sought compensatory damages, preliminary and permanent injunctions, and

costs and attorneys' fees from Defendant Wade.  Id. at 7.  Defendant filed a Third-Party Complaint on May 27, 2010, stating claims against Motor Coach Industries, Inc. ("MCI"),  Peter Pan Bus Lines, Inc. ("Peter Pan"), and Ricon Corporation ("Ricon") for full indemnification of any damages awarded to Plaintiff.  Dkt. No. 7 ("Third-Party Complaint").

The action against Third-Party Defendant Peter Pan was discontinued without prejudice on September 1, 2010.  See Dkt. No. 26 ("Peter Pan Discontinuance").  Third-Party Defendant Ricon filed a Motion to dismiss the Third-Party Complaint on September 2, 2010.  Dkt. No. 28 ("Motion").  On March 16, 2011, all claims asserted against Defendant Wade and Third-Party Defendant MCI were discontinued with prejudice.  See Dkt. No. 46 ("Wade Discontinuance"); Dkt. No. 47 ("MCI Discontinuance").

Presently before the Court – and the only matter remaining before the Court in this litigation – is Ricon's Motion to dismiss the Third-Party Complaint.  For the reasons that follow, Ricon's Motion is granted.

**II.    BACKGROUND**

On December 6, 2009, Plaintiff participated in a chartered bus trip from Schenectady to New York City aboard a bus owned by Wade.  Compl. ¶ 1.  Plaintiff has had both legs amputated, and uses a wheelchair for mobility.  Id. ¶¶ 7-8.  Plaintiff scheduled the bus trip with Wade specifically because its buses were wheelchair accessible.  Id. ¶ 9.  When Plaintiff first attempted to board the bus, the driver had difficulty operating the wheelchair lift.  Id. ¶ 11. After the bus reached its destination in New York City, the driver was unable to operate the lift, forcing Plaintiff to remain on the bus for several hours.  Id. ¶¶ 12-13.   Later that afternoon, Wade authorized the driver of the bus to return to Schenectady with Plaintiff and her family members.

Id. ¶ 22. Upon arrival in Schenectady, Plaintiff was removed from the bus by the use of a forklift. Id. ¶ 24.

**III.   DISCUSSION**

The Court has supplemental jurisdiction over the Third-Party Complaint pursuant to 28 U.S.C. § 1367(a).  Pursuant to § 1367, a district court may decline to exercise supplemental jurisdiction over a state law claim if all claims over which it had original jurisdiction are dismissed.  28 U.S.C. §1367(c)(3); First Capital Asset Mgmt., Inc. v. Satinwood, Inc., 385 F.3d 159, 182-83 (2d Cir. 2004).  In determining whether to exercise supplemental jurisdiction, a district court may "weigh and balance several factors, including considerations of judicial economy, convenience, and fairness to litigants." Purgess v. Sharrock, 33 F.3d 134, 138 (2d. Cir. 1994) (citing Castellano v. Board of Trustees, 937 F.2d 752, 758 (2d Cir. 1991)). A court should consider and weigh such factors at every stage of the litigation.  Williams v. Berkshire Fin. Grp., Inc., 491 F. Supp. 2d 320, 329 (E.D.N.Y. 2007).  Generally, "if federal claims are dismissed before trial . . . the state claims should be dismissed as well." Castellano, 937 F.2d at 758.

In this case, all of Plaintiff's federal claims against Wade under the ADA have been discontinued with prejudice, and all outstanding claims against Ricon would be decided pursuant to state law.  See Rounseville v. Zahl, 13 F.3d 625, 631 (2d Cir. 1994) (holding that district court abused its discretion in retaining jurisdiction over a state law claim after the federal claims had been dismissed). The Court therefore declines to exercise supplemental jurisdiction over Wade's state law claims against Ricon, and dismisses such claims without prejudice.

**IV.   CONCLUSION**

Accordingly, it is hereby:

3

**ORDERED,** that Third-Party Defendant Ricon's Motion to Dismiss (Dkt. No. 28) is **GRANTED**; and it is further

**ORDERED,** that Defendant Wade's Third-Party Complaint (Dkt. No. 7) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk serve copies of this Order on the parties.

**IT IS SO ORDERED.**

Dated:          September 22, 2011
                Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge